B104 (10/06) **ADVERSARY PROCEEDING COVER SHEET**
(Instructions on Page 2)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

| **PLAINTIFFS**<br>Iona Douglas-Moguel, Debtor | **DEFENDANTS**<br>Wells Fargo Bank<br>Enterprise Complaints Management Office<br>P.O. Box 5133<br>Sioux Falls, SD 57117-5133 |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>PRO SE<br>103 Nauta Court Hendersonville, TN 37075<br>386-341-9217 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor ☐ Creditor ☐ Trustee ☐ U.S. Trustee ☐ Other | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ Creditor ☐ Trustee ☐ U.S. Trustee ☒ Other |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
**Complaint of Chapter 13 Plaintiff seeking recovery of Money/Property based on fraudulent transfer of Mortgage §548, §523(a)(2), §549,§550 while determining the Validity,Priority, Extent of Lien.**

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
☐ 41-Objection/revocation of discharge - §727(c), (d), (e)

**FRBP 7001(5) - Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
☐ 66-Dischargeability - §523(a)(1), (14), (14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) - Dischargeability (continued)**
☐ 61-Dischargeability §523(a)(5), domestic support
☐ 68-Dischargeability §523(a)(6), willful and malicious injury
☐ 63-Dischargeability §523(a)(8), student loan
☐ 64-Dischargeability §523(a)(15), divorce/sep property settlement/decree
☒ 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
☐ 71-Injunctive relief - reinstatement of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) - Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) - Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) - Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 USC §§78aaa *et. seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
|---|---|
| NAME OF DEBTOR<br>**Iona Douglas-Moguel** | BANKRUPTCY CASE NO.<br>**3:24-bk-03482** |
| DISTRICT IN WHICH CASE IS PENDING<br>**Middle District of Tennessee** | DIVISIONAL OFFICE      NAME OF JUDGE<br>**Judge Charles M. Walker** |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|
| DATE    06-23-2025      PRINT NAME OF ATTORNEY (OR PLAINTIFF) |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the adversary proceeding is filed electronically through the court's ECF system. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties**. Give the names of the parties to the adversary proceeding exactly as they appear on the complaint. Give the names and addresses of the attorneys if known.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

THE UNITED STATES BANKRUPTCY COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

------------------------------------------

In re:                                        Chapter 13

Iona Douglas-Moguel                           Case No.3:24-bk-03482

            Debtor

------------------------------------------

Iona Douglas-Moguel, PRO SE
                                              Adversary Proceeding No. [                    ]
            Plaintiff,

vs

                                              July 23, 2025

Wells Fargo Mortgage (Remediation)
P.O. Box 10422
Des Moines, IA 50306-0422

            Defendant,

------------------------------------------

**COMPLAINT OF CHAPTER 13 PLAINTIFF, SEEKING AVOIDANCE AND
RECOVERY FOR MORTGAGE SERVICER ERRORS, FRAUDULANT TRANSFER,
WHILE CHALLENGING THE VALIDITY OR EXTENT OF THE MORTGAGE LIEN
FOR PROPERTY 103 NAUTA COURT HENDERSONVILLE, TN 37075 PURSUANT TO
BANKRUPTCY CODE SECTIONS §548, §549, §550, §523(a)(2)**

I, Iona Douglas-Moguel, PRO SE (the "Plaintiff"), files this adversary complaint (the

"Complaint") against WELLS FARGO MORTGAGE (the "Defendant"), stating as follows:

<u>**NATURE OF ACTION**</u>

1. The Plaintiff commences this adversary proceeding to recover for property 103

Nauta Court Hendersonville, TN 37075 (the "Property"), based on Mortgage error, fraudulent transfer of Mortgage, and to determine the validity of the Mortgage Lien transferred by the Defendant prior to this Chapter 13 Case.

2.    The Plaintiff through the years has owned up to 8 Real Estate Property and 1 Computer Graphics Business.

3.    Over the past 2 decades the Plaintiff has filed various Bankruptcy cases defending the 8 Real Estate properties from predatory lending.

4.    Although orders were granted in the various bankruptcy cases filed by the Plaintiff to modify all adjustable rates to fair fixed rates, the Defendant avoided the orders for 10+ years subject to avoidance and recovery under §549 & §550 Bankruptcy Codes.

5.    After 10+ years of avoiding generating a Loan Modification for the Property 103 Nauta Court Hendersonville, TN 37075 the Defendant, transferred the loan prior to finalizing a Loan Modification with Plaintiff causing a fraudulent transfer under Bankruptcy Code §548.

6.    The Plaintiff purchased the Property for $113,800 in 2006. The Plaintiff never refinanced or taken equity out of the Property yet the payoff is $260,000. This payoff amount is subject to verifying the Validity, Priority, Extent of Lien.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b).

8.    This adversary proceeding has been referred to this Court pursuant to 28 U.S.C § 157(a).

9.    The statutory predicates for the relief sought herein include 11 U.S.C. §548 §549,

§550 §523(a)2

<u>**THE PARTIES**</u>

10. The Plaintiff is the Debtor in the Chapter 13 Case [Case No.3:24-bk-03482] (the"<u>Main Case</u>")

11. The Defendant is WELLS FARGO MORTGAGE d/b/a U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR RASC 2006-EMX8. P.O. BOX 10422 Des Moines, IA 50306-0422.

<u>**FACTS**</u>

12. From the years '1999 – '2020 the Plaintiff have purchased up to 8 Real Estate properties. From the years '1997 to present, the Plaintiff have filed multiple Bankruptcy cases defending the 8 Real Estate properties from predatory mortgage lending practices.

13. On June 21, 2006, Plaintiff purchased property 103 Nauta Court Hendersonville, TN 37075. for $113,800 (the "Property). The Deed of Trust reflects that the initial interest rate was 9.15% under an adjustable interest rate starting July 21, 2006 – July 1, 2036.

14. On May 3, 2012, the Plaintiff filed Chapter 13 Bankruptcy Case no. <u>3:2012bk03037</u> in the Middle District of Florida. On May 7, 2012, a Chapter 13 Plan was created for Bankruptcy Case no <u>3:2012bk03037</u>. The Chapter 13 Plan created loan modifications for fixed interest rates on 6 Real Estate properties the Plaintiff owned at the time. The Chapter 13 Plan reflected that several loan modifications were performed within Bankruptcy Court for Case no <u>3:2012bk03037</u> and several Lenders agreed to negotiate loan modifications outside of Bankruptcy Court.

15. On May 31, 2012, Jehmiah Clark, an employee of WELLS FARGO MORTGAGE,

N.A., d/b/a/ America's Servicing Company as a servicer of the loan for U.S. BANK,

NATIONAL ASSOCIATION, AS TRUSTEE FOR RASC 2006-EMX8 files an AFFIDAVIT OF

INDEBTEDNESS to Bankruptcy Case no 3:2012bk03037 in the Middle District of Florida for

The Property 103 Nauta Court Hendersonville, TN 37075. The indebted amount details

$81,937.59 for interest, and various Bankruptcy fees. The Plaintiff's payoff for the Property

immediately increases to $195,737.59, where $58,946,66 is a ballooned Interest payment. Based

on reversed calculations, the interest value is approximately 50% of the original loan amount

$113,800.00 This is one of several discrepancies being disputed in this Adversary Proceeding.

16. On September 24, 2012, Plaintiff filed a MOTION TO VOLUNTEER DISMISS

CHAPTER 13 Bankruptcy Case 3:2012bk03037 based on Trial Modifications for all Real Estate

to be converted from adjustable interest rate to fixed 5% interest rates detailed in the Bankruptcy

Plan for Case no 3:2012bk03037.

17. On September 25, 2012, the Honorable Jerry Funk in the Middle District of Florida

Confirmed the Plaintiff's MOTION TO VOLUNTEER DISMISS Bankruptcy Case

3:2012bk03037 to commence Trial Modifications with all Real Estate owned to be performed

outside of Bankruptcy Court.

18. On February 1, 2013, The Plaintiff filed Chapter 13 case no 3:2013bk00600 with

intentions to complete Motion to Value for all Real Estate owned. On February 7, 2013, the

Plaintiff filed the Chapter 13 Plan for case no. 3:2013bk00600. The Chapter 13 Plan for case

no.3:2013bk00600 highlights determining the actual value for each of the Plaintiff's properties

while creating fixed interest rates and Loan Modifications for each property.

19. On February 15, 2013, U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE,

RASC 2006-EMX8 an alias of WELLS FARGO MORTGAGE, the Lender for property 103 Nauta Court Hendersonville, TN 37075 objected Plaintiff's Chapter 13 Plan for case no 3:2013bk00600 on Motion to Value all real estate owned.

20. On June 13, 2013, The Honorable Judge Jerry Funk held a Final Evidentiary Hearing on Plaintiff's Chapter 13 Plan for case no. 3:2013bk00600. The Motion to Value and Determine Secured Status for all Plaintiff's Real Property was granted.

21. On November 25, 2014, the Honorable Jerry Funk held a Preliminary Hearing that converted case no 3:2013bk00600 from Chapter 13 Bankruptcy case into a Chapter 11 Bankruptcy case. The purpose was to help Plaintiff create a Plan for Reorganization of all Loan Modifications.

22. From 2014 until 2022, the Defendant WELLS FARGO MORTGAGE, increased the Mortgage payment annually while never generating a fixed interest rate as ordered in the various Bankruptcy cases filed by the Plaintiff over the years. The monthly mortgage statement from the Defendant identifies that the Plaintiff has been paying an interest only loan for $161,101.01 for 10 years while paying $72,688.23 for a 2nd unpaid principal balance.

23. In July 2023, The Defendant, WELLS FARGO HOME MORTGAGE began a Loan Modification with the Plaintiff after 10+ years.

24. On November 1, 2023, WELLS FARGO HOME MORTGAGE transferred the Loan to PHH MORTGAGE without finalizing a loan modification with the Plaintiff. This transfer has been considered a fraudulent transfer under Bankruptcy Code §548. The "new" Lender PHH MORTGAGE, currently Onity Mortgage, but represented in this bankruptcy case as U.S. BANK

TRUST didn't honor a Loan Modification while immediately placing an auction date on the Property.

25. On June 10, 2024, the Defendant, WELLS FARGO HOME MORTGAGE starting sending the Plaintiff a series of checks randomly. A letter from the Defendant to the Plaintiff indicates "We identified that an error may have occurred related to your approved and finalized loan modification." indicating error with finalizing the Loan Modification before transferring the loan to the new Lender PHH Mortgage, currently known as Onity Mortgage but represented in this bankruptcy case as U.S. BANK TRUSTEE. This initial letter on June 10, 2024, was the first of several letters and checks from WELLS FARGO MORTGAGE trying to mediate the error.

26. On May 12, 2025, the Plaintiff submitted a Mediation Request Form sent by the Defendant, highlighting $500,000 would sufficiently compensate for the 10+ years error.

27. On June 11, 2025, a Pre-Mediation was held with the Defendant but there was no resolution.

28. This Adversary proceeding has been created to end the 10+ years of avoidance from the Defendant, to provide the Plaintiff with a fair Loan Modification based on Orders granted in previous bankruptcy cases filed by the Plaintiff, To recover losses for the Plaintiff for paying a mortgage based on 10+ years of an interest only loan where the balance never decreases but increases annually, and the fraudulent transfer of the Mortgage loan in the midst of a Loan Modification.

### FIRST CLAIM
#### (Claim to Recover for Avoidance of creating Loan Modification Pursuant to Bankruptcy Code sections §549, §550)

29. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 – 28 as if forth herein.

30. The Defendant, for 10+ years avoided creating a Loan Modification based on orders granted in the various bankruptcies filed by the Plaintiff. The avoidance is pursuant to section §549(a) of the Bankruptcy Code. Pursuant to section §550(a) of the Bankruptcy Code, the Plaintiff is entitled compensation for the avoidance of the Loan Modification for 10+ years

## SECOND CLAIM
### (Claim for Fraudulent Transfer of Mortgage while commencing a Loan Modification Pursuant to Bankruptcy Code section §548  )

31. The Defendant Transferred the Mortgage after agreeing to a Loan Modification with the Plaintiff.

32. The Defendant failed to create a Loan Modification after 10+ years being ordered in several Bankruptcy cases filed by the Plaintiff.

33. Pursuant to Bankruptcy Code section §548 the improper transfer while in the process of an approved Loan modification highlights an example of Fraud Transfer.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that judgment be entered as follows:

1. An order (a) declaring the avoidance of creating a Loan Modification for property 103 Nauta Court Hendersonville for 10+ years pursuant to section §549 of the Bankruptcy Code; and (b) an order declaring that the avoidance of amount is not less than $500,000 as indicated in the Mediation Agreement sent to the Plaintiff by the Defendant.

2.   Awarding the Plaintiff pre-judgment interest at the maximum legal rate from the filing of this Complaint to the date of judgment herein; and

3.   Such other and further relief as the Court may deem just proper or equitable under the circumstances.

THEREFORE, I, Iona Douglas-Moguel, the Plaintiff, respectfully requests this court reprimand accordingly.

Submitted this 23rd day of July 2025

Iona Douglas-Moguel,
P. O. Box 54
Hendersonville, TN 37077
386-341-9217
ionamoguel@aol.com  email

CERTIFICATE OF SERVICE

I, Iona Douglas-Moguel hereby certify that on July 23, 2025, a complete copy of
**COMPLAINT OF CHAPTER 13 PLAINTIFF, SEEKING AVOIDANCE AND
RECOVERY FOR MORTGAGE SERVICER ERRORS, FRAUDULANT TRANSFER,
WHILE CHALLENGING THE VALIDITY OR EXTENT OF THE MORTGAGE LIEN
FOR PROPERTY 103 NAUTA COURT HENDERSONVILLE, TN 37075 PURSUANT TO
BANKRUPTCY CODE SECTIONS §548, §549, §550, §523(a)(2)** was sent by US POSTAL
Mail to Attorney Keith Slocum P. O. Box 680729 Franklin, TN 37068.

This 23rd Day of July 2025,

Iona Douglas-Moguel

## ACKNOWLEDGMENT OF RECEIPT OF SETTLEMENT STATEMENT

|                         |                                          |
|------------------------:|------------------------------------------|
| **Borrower:**           | Iona Moguel                              |
| **Lender:**             | Mortgage Lenders Network                 |
| **Settlement Agent:**   | 1st Advantage Title & Escrow, LLC        |
|                         | (615)320-7174                            |
| **Place of Settlement:**| 1305 16th Avenue South, 2nd Floor        |
|                         | Nashville, TN 37212                      |
| **Settlement Date:**    | June 21, 2006                            |
| **Property Location:**  | 103 Nauta Court                          |
|                         | Hendersonville, TN 37075                 |
|                         | Sumner County, Tennessee                 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

_Iona Moguel_

Iona Moguel

**WARNING:** It is a crime to knowingly make false statements to the United States on this or any similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

(MOGUEL,I.PFD/06-1191/9)

OMB NO. 2502-0265

A.

**U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT**

**SETTLEMENT STATEMENT**

| B. TYPE OF LOAN | | |
|---|---|---|
| 1. ☐ FHA  2. ☐ FmHA  3. ☒ CONV. UNINS.  4. ☐ VA  5. ☐ CONV. INS. | | |
| 6. FILE NUMBER 06-1191 | 7. LOAN NUMBER 3030065835 | |
| 8. MORTGAGE INS CASE NUMBER | | |

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown.
Items marked "[POC]" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

1.0   3/96   (MOGUEL.I.PFD/06-1191/9)

| D. NAME AND ADDRESS OF BORROWER | E. NAME AND ADDRESS OF SELLER | F. NAME AND ADDRESS OF LENDER |
|---|---|---|
| Iona Moguel<br>103 Nauta Court<br>Hendersonville, TN 37075 | | Mortgage Lenders Network<br>3600 Mansell Road, Suite 425<br>Alpharetta, GA 30022 |

| G. PROPERTY LOCATION<br>103 Nauta Court<br>Hendersonville, TN 37075<br>Sumner County, Tennessee | H. SETTLEMENT AGENT      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<br>1st Advantage Title & Escrow, LLC<br><br>PLACE OF SETTLEMENT<br>1305 16th Avenue South, 2nd Floor<br>Nashville, TN 37212 | I. SETTLEMENT DATE<br><br>June 21, 2006 |

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER:** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 101. Contract Sales Price | | 401. Contract Sales Price | |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to Borrower (Line 1400) | 6,613.89 | 403. | |
| 104. Mortgage Payoff to Wells Fargo Bank | 86,711.38 | 404. | |
| 105. | | 405. | |
| *Adjustments For Items Paid By Seller in advance* | | *Adjustments For Items Paid By Seller in advance* | |
| 106. City/Town Taxes          to | | 406. City/Town Taxes          to | |
| 107. County Taxes             to | | 407. County Taxes             to | |
| 108. Assessments              to | | 408. Assessments              to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| *120. GROSS AMOUNT DUE FROM BORROWER* | 93,325.27 | *420. GROSS AMOUNT DUE TO SELLER* | |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. Deposit or earnest money | | 501. Excess Deposit (See Instructions) | |
| 202. Principal Amount of New Loan(s) | 113,400.00 | 502. Settlement Charges to Seller (Line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. Broker Credit | 400.00 | 504. Payoff of first Mortgage | |
| 205. | | 505. Payoff of second Mortgage | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| *Adjustments For Items Unpaid By Seller* | | *Adjustments For Items Unpaid By Seller* | |
| 210. City/Town Taxes          to | | 510. City/Town Taxes          to | |
| 211. County Taxes             to | | 511. County Taxes             to | |
| 212. Assessments              to | | 512. Assessments              to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| *220. TOTAL PAID BY/FOR BORROWER* | 113,800.00 | *520. TOTAL REDUCT. AMT DUE SELLER* | |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER:** | | **600. CASH AT SETTLEMENT TO/FROM SELLER:** | |
| 301. Gross Amount Due From Borrower (Line 120) | 93,325.27 | 601. Gross Amount Due To Seller (Line 420) | |
| 302. Less Amount Paid By/ For Borrower (Line 220) | ( 113,800.00) | 602. Less Reductions Due Seller (Line 520) | ( ) |
| 303. CASH ( FROM ) ( X TO ) BORROWER | 20,474.73 | 603. CASH ( TO ) ( FROM ) SELLER | 0.00 |

The undersigned hereby acknowledge receipt of a completed copy of pages 1&2 of this statement & any attachments referred to herein.

Borrower _____          Seller _____

Iona Moguel

HUD-1 (3-86) RESPA, HB4305.2

## L. SETTLEMENT CHARGES

| 700. TOTAL COMMISSION Based on Price | $ | @ | % | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|---|
| *Division of Commission (line 700) as Follows:* | | | | | |
| 701. $ | to | | | | |
| 702. $ | to | | | | |
| 703. Commission Paid at Settlement | | | | | |
| 704. | to | | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | | | |
| 801. Loan Origination Fee | % | to | | | |
| 802. Loan Discount | % | to | | | |
| 803. Appraisal Fee | to First Appraisal Services of TN | | | 395.00 | |
| 804. Mortgage Broker Fee | to First American Mortgage | | | 495.00 | |
| 805. Realty Tax Service Fee | to Mortgage Lenders Network | | | 50.00 | |
| 806. Document Preparation Fee | to Mortgage Lenders Network | | | 250.00 | |
| 807. Mortgage Broker Fee | to First American Mortgage | | | 495.00 | |
| 808. Underwriting Fee | to Mortgage Lenders Network | | | 549.00 | |
| 809. Loan Org/ Processing | to First American Mortgage | | | 2,793.00 | |
| 810. Flood Cert. Fee | to Mortgage Lenders Network | | | 8.50 | |
| 811. | | | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | | | |
| 901. Interest From 06/21/06 to 07/01/06 @ $ 28.427700/day ( 10 days 9.1500%) | | | | 284.28 | |
| 902. Mortgage Insurance Premium months | | | | | |
| 903. Hazard Insurance Premium 1.0 years | | | | | |
| 904. | | | | | |
| 905. | | | | | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | | | | |
| 1001. Hazard Insurance | months @ $ | per month | | | |
| 1002. Mortgage Insurance | months @ $ | per month | | | |
| 1003. City/Town Taxes | months @ $ | per month | | | |
| 1004. County Taxes | months @ $ | per month | | | |
| 1005. Assessments | months @ $ | per month | | | |
| 1006. | months @ $ | per month | | | |
| 1007. | months @ $ | per month | | | |
| 1008. | months @ $ | per month | | | |
| **1100. TITLE CHARGES** | | | | | |
| 1101. Settlement or Closing Fee | to 1st Advantage Title & Escrow, LLC | | | 250.00 | |
| 1102. Abstract or Title Search | to | | | | |
| 1103. Title Examination | to | | | | |
| 1104. Title Insurance Binder | to | | | | |
| 1105. Document Preparation | to 1st Advantage Title & Escrow, LLC | | | 75.00 | |
| 1106. Notary Fees | to | | | | |
| 1107. Attorney's Fees | to | | | | |
| *(includes above item numbers:* | | | ) | | |
| 1108. Title Insurance | to Old Republic National Title Insurance | | | 651.00 | |
| *(includes above item numbers:* | | | ) | | |
| 1109. Lender's Coverage | $ 113,400.00 | 651.00 | | | |
| 1110. Owner's Coverage | $ | | | | |
| 1111. Courier/Wire Fee | to 1st Advantage Title & Escrow, LLC | | | 40.00 | |
| 1112. Post Closing Fee | to 1st Advantage Title & Escrow, LLC | | | 25.00 | |
| 1113. | | | | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | | | |
| 1201. Recording Fees: Deed $ ; Mortgage $ 113.00; Releases $ | | | | 113.00 | |
| 1202. City/County Tax/Stamps: Deed ; Mortgage | | | | | |
| 1203. State Tax/Stamps: Revenue Stamps ; Mortgage 128.11 | | | | 128.11 | |
| 1204. Record Release | to 1st Advantage Title & Escrow, LLC | | | 12.00 | |
| 1205. | | | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | | | |
| 1301. Survey | to | | | | |
| 1302. Pest Inspection | to | | | | |
| 1303. | | | | | |
| 1304. | | | | | |
| 1305. | | | | | |
| **1400. TOTAL SETTLEMENT CHARGES (Enter on Lines 103, Section J and 502, Section K)** | | | | 6,613.89 | |

By signing page 1 of this statement, the signatories acknowledge receipt of a completed copy of page 2 of this two page statement.

Certified to be a true copy.

1st Advantage Title & Escrow, LLC
Settlement Agent

( 06-1191 / 06-1191 / 9 )



Return To:
Mail to:
MORTGAGE LENDERS NETWORK USA, INC.
213 COURT ST. MIDDLETOWN, CT 06457

Prepared By:
Jeffrey A. DeMaso, Esquire
213 COURT STREET, MIDDLETOWN, CT 06457

Pamela L. Whitaker, Register
Sumner County Tennessee
Rec #: 644600
Rec'd: 110.00        Instrument #: 798969
State: 128.11
Clerk: 1.00           Recorded
EDP: 2.00        6/23/2006 at 9:25 AM
Total: 241.11              in
Record Book 2529 Pgs 358-379

The Maximum Principal Indebtedness for Tennessee recording tax purposes is $ __113,400.00__ .

------------------- [Space Above This Line For Recording Data] -------------------

# DEED OF TRUST

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated **June 21, 2006**
together with all Riders to this document.
(B) "Borrower" is
**IONA DOUGLAS NOBUEL
ROBERT S. NOBUEL**

Borrower is the trustor under this Security Instrument.
(C) "Lender" is
**MORTGAGE LENDERS NETWORK USA, INC.**
Lender is a corporation or association
organized and existing under the laws of **Delaware**

TENNESSEE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS   Form 3043 1/01

-6A(TN) (0005).02

Page 1 of 10        Initials: IDN RSNL
VMP MORTGAGE FORMS - (800)521-7291

Lender's address is
213 Court St, Middletown CT 06457
(D) "Trustee" is Robert M. Wilson, Esquire

a resident of Memphis                                              , Tennessee.
(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(F) "Note" means the promissory note signed by Borrower and dated June 21, 2006
The Note states that Borrower owes Lender One Hundred Thirteen Thousand, Four Hundred and No/100 ----------------------------------------- Dollars
(U.S. $        113,400.00       ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than July 1, 2036          . The maximum principal indebtedness for Tennessee recording tax purposes is $        113,400.00.
(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower (check box as applicable):

[X] Adjustable Rate Rider    [ ] Condominium Rider           [ ] Second Home Rider
[ ] Balloon Rider            [ ] Planned Unit Development Rider [X] 1-4 Family Rider
[ ] VA Rider                 [ ] Biweekly Payment Rider       [ ] Other(s) [specify]

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(M) "Escrow Items" means those items that are described in Section 3.
(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

# ADJUSTABLE RATE RIDER

### (LIBOR Six-Month Index (As Published In *The Wall Street Journal*) - Rate Caps)

THIS ADJUSTABLE RATE RIDER is made this **21st** day of **June** **2005**, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to **MORTGAGE LENDERS NETWORK USA, INC.**

("Lender") of the same date and covering the property described in the Security Instrument and located at:
**103 NAUTA COURT , HENDERSONVILLE, TN 37075**

### [Property Address]

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. INTEREST RATE AND MONTHLY PAYMENT CHANGES**

The Note provides for an initial interest rate of **9.1500%.** The Note provides for changes in the interest rate and the monthly payments, as follows:

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**

**(A) Change Dates**

The interest rate I will pay may change on the first day of **July 1, 2008** , and on that day every **6th** month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in The Wall Street Journal. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new Index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding **Six and Sixty-Five Hundredths** percentage points ( **6.65000** %) to the Current Index. The Note Holder will then round the result of

**MULTISTATE ADJUSTABLE RATE RIDER - LIBOR SIX-MONTH INDEX (AS PUBLISHED IN THE WALL STREET JOURNAL)** - Single Family - Fannie Mae Uniform Instrument

this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 12.1500 % or less than 9.1500 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than

One                                                                                          percentage points
( 1.0000 %) from the rate of interest I have been paying for the preceding
6 months. My interest rate will never be greater than 15.1500 ° %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

Uniform Covenant 18 of the Security Instrument is amended to read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

** My interest rate will never be less than 9.15%

Initials: _____

-838R (0402)                    Page 2 of 3                    Form 3138 1/01

F I L E D
JACKSONVILLE, FLORIDA

MAY 0 7 2012

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

IONA DOUGLAS-MOGUEL                    Case No.  12-03037-3F3

Debtor

_____

## CHAPTER 13 PLAN

The debtor submits the following Chapter 13 Plan:

1. The future earnings of the debtor are submitted to the supervision and control of the Trustee, and the debtor shall pay to the Trustee the sum of $2,649.93   per month for months one (1) through sixty (60).

2. From the payments so received, the Trustee shall make disbursement as follows:

A. <u>**Priority Claims**</u>

(1.) The fees and expenses of the Trustee shall be paid over the life of the Plan at the rate of ten percent (10%) of the amount of all payment remitted under the plan.

B. <u>**Secured Claims**</u>

1. **ARK FINANCIAL INC** holds a first mortgage on Debtor's principal residence located at 2 Burbank Drive, Palm Coast, FL 32137.  The Debtor has signed a modification agreement and will continue to make the monthly payments directly to this creditor outside plan.

2. **SPECIALIZED LOAN SERVICING** holds mortgage on Debtor's residence located at 45 Robinson Dr. Palm Coast, Fl 32164. The Debtor has signed a modification agreement and will make the monthly payments directly to the Trustee at a 5% interest rate of appraised value of $115,000.00.  The Trustee shall pay directly to the creditor $617.34 per month for months one (1) through sixty (60).

3. **AMERICA'S HOME MORTGAGE SERVICING INC** holds a mortgage on Debtor's residence located at 171 Brenda Lane Antioch, TN 37013. The Debtor has signed a modification agreement and will make the monthly payments directly to the Trustee at a 5% interest rate of appraised value of $125,647.02. The Trustee shall pay directly to the creditor $671.03 per month for months one (1) through sixty (60).

4. **SPECIALIZED LOAN SERVICING** holds a mortgage on Debtor's residence located at 526 Peach Valley Rd Gallatin, TN 37066. The Debtor has agreed on a modification agreement and will make the monthly payments directly to the Trustee at a 5% interest rate of appraised value of $145,000.00. The Trustee shall pay directly to the creditor $778.39 per month for months one (1) through sixty (60).

5. **BANK OF AMERICA** holds a mortgage on Debtor's residence located at 4128 Buenaview Court Nashville, TN 37218. The debtor has agreed on a modification agreement and will continue to make the monthly payments directly to this creditor outside plan.

6. **AMERICA'S SERVICING CORP** holds a mortgage on Debtor's residence located at 103 Nauta Court Hendersonville, TN 37075. The debtor has agreed on a modification agreement and will continue to make the monthly payments directly to this creditor outside plan.

7. **CAPITAL ONE AUTO FINANCE** holds a security interest in the Debtor's 2001 Lexus RX300. The replacement value of this property is $4,425.00, the Trustee shall pay this creditor $119.53 per month for months one (1) through thirty-six(36), which includes eight percent (8%) interest, for the life of the plan to satisfy this obligation.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

IONA DOUGLAS MOGUEL

CASE NO. 12-03037-JAF
CHAPTER 13

Debtor(s).

_____/

### NOTICE OF APPEARANCE AND REQUEST FOR NOTICE

NOTICE IS HEREBY GIVEN of the appearance of DOUGLAS C. ZAHM, P.A., as counsel for U.S. Bank, National Association, as Trustee for RASC 2006-EMX8, a creditor in the above-styled cause. Pursuant to Bankruptcy Rule 2002, Counsel requests copies of all pleadings and notices to creditors or other parties in interest be addressed to DOUGLAS C. ZAHM, P.A., 12425 28th Street North, Suite 200, St. Petersburg, FL 33716, and pursuant to Bankruptcy Rule 2002(g), requests Counsel's name and address be added to the Clerk's matrix list of creditors.

DOUGLAS C. ZAHM, P.A.

/s/ Kenneth W. Lockwood
[ ] Douglas M. Bales, Esq. (FBN 0767270)
[ ] Peter Lanning, Esq. (FBN 562221)
[ ] Kenneth W. Lockwood, Esq. (FBN 16722)
[ ] Douglas C. Zahm, Esq. (FBN 166240)
12425 28th Street North, Suite 200
St. Petersburg, FL 33716
Telephone No. (727) 536-4911
Fax No. (727) 539-1094
Attorney for Creditor

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

IONA DOUGLAS MOGUEL

CASE NO. 12-03037
CHAPTER 13

Debtor(s).

_____/

### AFFIDAVIT OF INDEBTEDNESS

STATE OF SOUTH CAROLINA
COUNTY OF YORK

Jehmiah Clark

BEFORE ME, this day personally appeared _____, (Affiant) who under penalty of perjury, deposes and says:

1. I am over the age of eighteen and am authorized to make this affidavit on behalf of Wells Fargo Bank, N.A., d/b/a/ America's Servicing Company, as servicer of the loan for U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR RASC 2006-EMX8 ("Secured Creditor and Movant").

2. I am _____Jehmiah Clark_____, and am presently employed by Wells Fargo as its _____VP Loan Documentation_____. In this position, my responsibilities include ascertaining and verifying amounts due and payable as to delinquent bankruptcy accounts.

3. The facts stated in this affidavit are based upon records maintained in the ordinary course of Wells Fargo's business, as part of regularly conducted business activity, by or from information transmitted by person(s) with knowledge of the events described therein, at or near the time of the event described. These records are Wells Fargo's own records. I have personal knowledge of the procedures by which these records were prepared and kept.

4. Based upon my examination of the business records described herein, I have determined that there is now due and owing the following amounts as of May 22, 2012:

| Principal Balance | | $113,218.53 |
|---|---|---|
| Interest | Through 05/31/2012 | $58,946.66 |
| Late Charges | | $1,331.01 |
| Escrow Advance | | $10,739.79 |
| Property Inspections | | $225.00 |

| Foreclosure Attorney Costs | $600.00 Title, $123.60 Mail, $2400.00 Publication, $200 Service, $17.00 Recording | $3,340.60 |
|---|---|---|
| Foreclosure Attorney Fees | | $1,035.00 |
| Bankruptcy Attorney Fees | | $5,250.00 |
| Bankruptcy Attorney Costs | | $450.00 |
| Bankruptcy Attorney Fees in Connection with this Motion | | $650.00 |
| Bankruptcy Attorney Costs in Connection with this Motion | | $176.00 |
| BPO | | $425.00 |
| Less Credits | | $-50.00 |
| Grand Total | | $195,737.59 |

5. The loan is contractually due for the November 1, 2006 payment and all subsequent payments.

6. The Indebtedness Worksheet is attached hereto and incorporated herein by reference.

7. Based upon my examination of the business records described herein, I have determined that the sums set forth above remain due under the Note and Mortgage.

8. The Mortgage Note and Mortgage, and Supplemental Riders, Amendments, Modifications, and Assignments, if any, are attached hereto as Composite Exhibit "A" and are true and accurate copies of the originals.

9. I declare under penalty of perjury that the foregoing facts are true and correct based on personal knowledge derived from Movant's books and business records, as I have detailed heretofore.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Affiant

Jehmiah Clark
Print or Type Name        VP Loan Documentation

SUBSCRIBED AND SWORN before me this 23 day of May , 2012, by,

Jehmiah Clark
_____ who is personally known to me or has produced

_____ as identification.

PENNY S. MCCRAVEN
NOTARY PUBLIC
SOUTH CAROLINA
MY COMMISSION EXPIRES 12-14-2014

_____
NOTARY PUBLIC

Penny S. McCraven
Print Name

F I L E D
JACKSONVILLE, FLORIDA

SEP 2 4 2012

CLERK, U. S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                              Case No. 12-03037-3F3
   IONA DOUGLAS-MOGUEL                               CHAPTER 13


Debtor                                              PRO SE
_____

## MOTION TO VOLUNTEER DISMISS
## CHAPTER 13 BANKRUPTCY CASE

      Iona Douglas-Moguel, moves the court to dismiss current Chapter 13 Bankruptcy case in support thereof:

      On May 3, 2012, Iona Douglas-Moguel filed Chapter 13 Bankruptcy in the Middle District of Jacksonville Division.  Since filing the Chapter 13 Bankruptcy case, several mortgage lenders has honored Trial Modifications that provides a principal reduction and a fixed interest rate as low as 5%. The Trial Modifications details restructuring several of Iona Douglas-Moguel's real estate properties.   Iona Douglas-Moguel created the Chapter 13 Bankruptcy Plan based on the Trial Modifications. Although several mortgage lenders created Trial Modifications, the modifications lack the approval to be paid under Iona Douglas-Moguel's Chapter 13 Bankruptcy Plan.

      **WHEREFORE,** Iona Douglas-Moguel, prays that the Court would analyze that the Trial Modifications will benefit a fair repayment for Iona Douglas-Moguel outside Chapter 13 Bankruptcy and would allow the Chapter 13 Bankruptcy case to be dismissed in order for Iona Douglas-Moguel to commence the created trial modifications.

      Respectfully submitted this 19th day of September 2012

_____
Iona Douglas-Moguel

      I HEREBY CERTIFY that a true and correct copy of the foregoing **MOTION TO VOLUNTEER DISMISS CHAPTER 13 BANKRUPTCY CASE,** was sent by U.S. MAIL Class postage prepaid to:

Douglas W. Neway, Trustee
P.O. Box 4308
Jacksonville, FL 32201



UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

# PRO MEMO

09/25/2012 01:30 PM

COURTROOM 300 North Hogan Street

## HONORABLE JERRY FUNK

CASE NUMBER:                                    FILING DATE:

**3:12-bk-03037-JAF**          **13**          **05/03/2012**

**Chapter 13**

**DEBTOR:**     Iona Moguel

**DEBTOR ATTY:   NA**

**TRUSTEE:     Douglas Neway**

**HEARING:**

Confirmation Hearing
Objection to Confirmation of Debtor's Chapter 13 Plan Filed by Kenneth W. Lockwood on behalf of Creditor U.S. Bank, National
     Association, as Trustee for RASC 2006-EMX8 (related document(s)[13]). (Lockwood, Kenneth) Doc #19
Objection to Confirmation of Chapter 13 Plan Filed by Carol M. Galloway on behalf of Creditor Suzanne Johnston, Flagler County
     Tax Collector. (Galloway, Carol) Doc #33
Objection to Confirmation of Plan Filed by Kenneth W. Lockwood on behalf of Creditor U.S. Bank, National Association, as
     Trustee for RASC 2006-EMX8 (related document(s)[25]). (Lockwood, Kenneth) Doc #35
Objection to Confirmation of Chapter 13 Plan Filed by Ashley Sigrist on behalf of Creditor ONYX Acceptance Corp (Serviced by
     Capital One Auto Finance) (related document(s)[25]). (Attachments: # (1) Exhibit NADA Value)(Sigrist,
     Ashley) Doc #48

**APPEARANCES::**

**WITNESSES:**

**EVIDENCE:**

**RULING:** Case dismissed Ord/Trustee
Confirmation Hearing

Objection to Confirmation of Debtor's Chapter 13 Plan Filed by Kenneth W. Lockwood on behalf of Creditor U.S. Bank, National
Association, as Trustee for RASC 2006-EMX8 (related document(s)[13]). (Lockwood, Kenneth) Doc #19

Objection to Confirmation of Chapter 13 Plan Filed by Carol M. Galloway on behalf of Creditor Suzanne Johnston, Flagler County
Tax Collector. (Galloway, Carol) Doc #33

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

*F I L E D*
JACKSONVILLE, FLORIDA
FEB - 8 2013
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

IN RE:
Iona Douglas-Moguel

CASE NO. 13-BK-00600-3F3
CHAPTER 13

_____ DEBTOR(S) _____ ]

## MOTION TO VALUE
## AND DETERMINE SECURED STATUS
## OF LIEN ON REAL PROPERTY
## PURSUANT TO 11 U.S.C. §506

Iona Douglas-Moguel files this Motion to Value Collateral described below securing the claim of the creditor listed below.

Pursuant to 11 U.S.C. §506(a) Bankruptcy Rule 3012, Local Rule 3015-3 the Debtor seeks to value real property securing the claim for the following:

**AMERICA'S SERVICING COMPANY** holds a mortgage recorded at or Book 2529 Pages 358-379 in the official records of Sumner County, Tennessee. The real property is located at 103 Nauta Court Hendersonville, TN 37075.

### LEGAL DESCRIPTION

Lot 135 as shown on the map Oakvale, Section 3B Assessor's Parcel# 1591-C-034-00-160L

At the time of the filing for this case on February 1, 2013, the value of the real property is $105,682.00 as determined by the attached market analysis.

**AMERICA'S SERVICING COMPANY** hold a lien on the real property securing a claim in the aggregate amount of $162,567.59.

**WHEREFORE** Iona Douglas-Moguel respectfully requests an order of the Court (a) determining the value of the real property in the amount asserted in this Motion (b) determining the secured status of Lender's lien as stated above (c) if any of the Lender's secured interest in real property is determined to be $0, deem that Lender's mortgage on the real property void and extinguished automatically and provide such other and further relief as is just.

Respectfully submitted this 4th day of February 2013

Iona Moguel, PRO SE
2 Burbank Dr
Palm Coast, Fl 32137
386-246-0886

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

IONA DOUGLAS MOGUEL AKA IONA
DOUGLAS-MOGUEL

CASE NO. 13-00600-JAF
CHAPTER 13

Debtor(s).

_____/

## CREDITOR`S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

Creditor, U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR RASC 2006-EMX8, by and through its undersigned attorney, files its Objection to the Confirmation of Debtor`s Chapter 13 Plan and as grounds thereto states as follows:

1. The Proof of Claim filed or to be filed by Creditor reflects or will reflect total arrears due under its mortgage of $94,986.02.

2. The post petition payment amount due under the loan document is $925.05.

3. Debtor's Plan includes total arrears of $0.00; and post petition payments of $379.00 as debtor is attempting to revalue Creditor's loan.

4. Debtor`s Plan fails to provide for full payment of that secured claim in violation of the requirements of §1325 (a) (5).

5. Creditor has not accepted the Plan.

WHEREFORE, Creditor files this objection to confirmation of plan and moves the Court to deny confirmation of said plan.

DOUGLAS C. ZAHM, P.A.

/s/ Kenneth W. Lockwood
[ ] Douglas M. Bales, Esq. (FBN 0767270)
[ ] Peter Lanning, Esq. (FBN 562221)
[x] Kenneth W. Lockwood, Esq. (FBN 16722)
[ ] Douglas C. Zahm, Esq. (FBN 166240)
12425 28th Street North, Suite 200
St. Petersburg, FL 33716
Telephone No. (727) 536-4911
Fax No. (727) 539-1094
Attorney for Creditor

BNKC885120066



UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

# PRO MEMO

06/13/2013 01:30 PM

COURTROOM 300 North Hogan Street

HONORABLE JERRY FUNK

CASE NUMBER:                FILING DATE:

**3:13-bk-00600-JAF**       **13**         **02/01/2013**

**Chapter 13**

**DEBTOR:**     Iona Moguel

**DEBTOR ATTY:**   **NA**

**TRUSTEE:**     **Douglas Neway**

**HEARING:**

*1. FINAL EVIDENTIARY HEARING re: Motion to Value and Determine Secured Status of Lien of Real Property of Specialized Loan Servicing, LLC. (526 Peach Valley Gallatinm TN 37066). <B>Total <U>Secured</U> Amount Claimed: $285,067.45</B>. Filed by Debtor Iona Douglas Moguel ([Weeks, Johnny ]) Additional attachment(s) added on 2/11/2013 (Weeks, Johnny). Doc #11

Response to Motion to Value and Determine Secured Status of Lien of Real Property of Specialized Loan Servicing, LLC. (526 Peach Valley Gallatinm TN 37066 Filed by Allison D Thompson on behalf of Creditor Specializec Loans Servicing, LLC (related document(s)[11]). (Thompson, Allison) Doc #46

Consent of Specialized Loan Servicing, LLC to MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN OF REAL PROPERTY OF SPECIALIZED LOAN SERVICING, LLC 526 PEACH VALLEY RD, GALLATIN, TN 37066 Filed by Allison D Thompson on behalf of Creditor Specialized Loans Servicing, LLC (related document(s)11). (Thompson, Allison) (EOD: 06/07/2013)(68)

2. FINAL EVIDENTIARY HEARING re: Motion to Value and Determine Secured Status of Lien of Real Property of Homeward Residential, Inc. (171 Brenda Lane, Antioch, TN 37013). <B>Total <U>Secured</U> Amount Claimed: $210,832.67</B>. Filed by Debtor Iona Douglas Moguel ([Weeks, Johnny ]) Doc #13

3. FINAL EVIDENTIARY HEARING re: Motion to Value and Determine Secured Status of Lien on Real Property of U.S. Bank NA c/o Bank of America. (4128 Buenaview Court, Nashville, TN 37218). <B>Total <U>Secured</U> Amount Claimed: $157,488.40</B>. Filed by Debtor Iona Douglas Moguel ([Weeks, Johnny ]) Doc #12

Consent of Bank of America, N.A. to Motion to Value and Determine Secured Status of Lien on Real Property 4128 Buenaview Court, Nashville, TN 37218 Filed by Frank Jose Gomez on behalf of Creditor Bank of America, N.A. (related document(s)[12]). (Gomez, Frank) Doc #61

Response to Debtor's Motion to Value and Determine Secured Status of Lien on Real Property Filed by Frank Jose Gomez on behalf of Creditor Bank of America, N.A. (related document(s)[12]). (Attachments: # (1) Exhibit Property Assessor's Report) (Gomez, Frank) Doc #35

4. FINAL EVIDENTIARY HEARING re: Motion to Value and Determine Secured Status of Lien of Real Property of Specialized Loan Servicing. (45 Robinson Drive, Palm Coast, FL 32164). <B>Total <U>Secured</U> Amount Claimed:

Case 3:25-ap-90009    Doc 1    Filed 07/23/25    Entered 07/23/25 08:56:04    Desc Main
Case Number 3:13-bk-00600-JAF    Chapter 13
Document    Page 28 of 38



UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

# PRO MEMO

11/25/2014 02:30 PM

COURTROOM 300 North Hogan Street

HONORABLE JERRY FUNK

| CASE NUMBER: | | FILING DATE: |
|---|---|---|
| 3:13-bk-00600-JAF | 13 | 02/01/2013 |

**Chapter 13**

**DEBTOR:**   Iona Moguel

**DEBTOR ATTY:**   **NA**

**TRUSTEE:**   **Douglas Neway**

**HEARING:**

1. Preliminary Hearing on Motion to Convert Case to Chapter 11 (Fee Not Paid, $932.00 Required) Filed by Debtor Iona Douglas Moguel ([Sosnicki, Melissa ]) Doc #217
2. Preliminary Hearing on Motion to Dismiss Case. Filed by Kenneth W. Lockwood on behalf of Creditor U.S. Bank, National Association, as Trustee for RASC 2006-EMX8 (Lockwood, Kenneth) Doc #220
3. CONTINUED EVIDENTIARY CONFIRMATION HEARING
-Objection to Confirmation of Debtor's Fourth Amended Chapter 13 Plan Filed by Kenneth W. Lockwood on behalf of Creditor U.S. Bank, National Association, as Trustee for RASC 2006-EMX8 (related document(s)[202]). (Lockwood, Kenneth) Doc #214
-Objection to Confirmation of Plan Filed by Trustee Douglas W. Neway (related document(s)[202]). (Neway, Douglas) Doc #210
-Objection to Confirmation of Second Amended Chapter 13 Plan Filed by Carol M. Galloway on behalf of Creditor Suzanne Johnson. (Galloway, Carol). Related document(s) [102]. Modified on 10/21/2013 (Sosnicki, Melissa). Doc #120
-Objection to Confirmation of Second Amended Chapter 13 Plan Filed by Ashley Sigrist on behalf of Creditor Specialized Loans Servicing, LLC (related document(s)[102]). (Attachments: # [1] Exhibit Agreed Order)(Sigrist, Ashley) Doc #115
-Objection to Confirmation of Debtor's Second Amended Chapter 13 Plan Filed by Kenneth W. Lockwood on behalf of Creditor U.S. Bank, National Association, as Trustee for RASC 2006-EMX8 (related document(s)[102]). (Lockwood, Kenneth) Doc #114
-Amended Objection to Confirmation of Debtor's Amended Chapter 13 Plan Filed by Kenneth W. Lockwood on behalf of Creditor U.S. Bank, National Association, as Trustee for RASC 2006-EMX8 (related document(s)[64]). (Lockwood, Kenneth) Doc #73
-Objection to Confirmation of Chapter 13 Plan Plan Filed by Frank Jose Gomez on behalf of Creditor Bank of America, N.A. (related document(s)[33], [7]). (Attachments: # (1) Exhibit Note# (2) Exhibit Mortgage)(Gomez, Frank) Doc #36
-Objection to Confirmation of Debtor's Chapter 13 Plan Filed by Kenneth W. Lockwood on behalf of Creditor U.S. Bank, National

**WELLS FARGO** Home Mortgage

Return Mail Operations
PO Box 14411
Des Moines IA 50306-3411

| | |
|---|---|
| Statement date | 03/14/22 |
| Loan number | 0532629144 |
| Payment due date | 04/01/22 |
| **Total amount due** | **$1,044.90** |

On or after 04/16/22, a late charge of $38.53 may apply.

Property address
103 NAUTA CT
HENDERSONVILLE, TN 37075

**Customer Service**

Correspondence
PO Box 10335
Des Moines IA 50306

Telephone*
1-866-234-8271

Fax
1-866-278-1179

Payments
See below for all of
our payment options

Hours of operation
Mon - Fri 6 a.m. - 10 p.m.
Sat 8 a.m. - 2 p.m. CT

Purchase or refinance
1-800-554-2880

*We accept telecommunications relay service calls.

IONA DOUGLAS MOGUEL
ROBERT S MOGUEL
1460 PARADISE CT
MERRITT ISLAND, FL 32952-5560

### Enjoy convenience and peace of mind with automatic payments.

Set up automatic payments (monthly, twice a month, every two weeks, or weekly) from your checking or savings account(s).
Call 1-866-234-8271 or enroll at wellsfargo.com.

### Other Quick and easy ways to pay

- Online at wellsfargo.com.
- Mobile using the Wells Fargo mobile application.
- Mail a payment payable to Wells Fargo Home Mortgage using the coupon attached below.
- Phone 1-866-234-8271, 24/7 access.
- In person at a Wells Fargo bank branch near you.

### Explanation of amount due

| | |
|---|---|
| Principal | $156.46 |
| Interest | $614.20 |
| Escrow | $274.22 |
| Current payment | $1,044.90 |
| Total amount due 04/01/22 | $1,044.90 |

### Account summary

| | |
|---|---|
| Unpaid principal balance | $161,101.01 |
| Unpaid second principal balance | $72,688.23 |
| Unpaid advance balance | $2,192.80 |
| Escrow balance | $1,875.66 |
| Interest rate | 4.575% |
| Maturity date (month/year) | 10/36 |

*This is not a payoff amount.*

### Past payments breakdown

| | Since last statement | Year-to-date |
|---|---|---|
| Total received* | $1,044.90 | $3,311.76 |
| Principal | $155.89 | $565.14 |
| Interest** | $614.79 | $1,846.90 |
| Escrow | $274.22 | $822.66 |
| Fees/other charges | $0.00 | $77.06 |

*This total may include the Unapplied funds balance from the Account summary section.
**This information should not be used for tax purposes. If you have tax related questions, please consult your tax advisor.

### Activity since your last statement

| Date | Description | | Total | Principal | Interest | Escrow | Other |
|---|---|---|---|---|---|---|---|
| 03/14 | Payment | 03/2022 | $1,044.90 | $155.89 | $614.79 | $274.22 | |

### Important messages

Your loan has an unpaid advance balance of $2,192.80; this is a result of funds we paid on your behalf. Types of advances include but are not limited to taxes, insurance, utility payments, and attorney fees. If you have questions or need to set up a payment arrangement to repay this advance balance, call us at the number listed above.

### For your consideration

You may be able to lower your rate and payment by refinancing. Call 1-877-432-4174 or contact your local home mortgage consultant. We'll review your refinancing options and see if you can benefit by lowering your rate, reducing your payment, or shortening the term of your loan. Call us at 1-877-432-4174 or contact your dedicated home mortgage consultant.

If you are on active military duty, please consult your legal advisor regarding the relief you may be eligible for under the Servicemembers Civil Relief Act or state law.

Help take control of your finances with a Wells Fargo personal loan
Whether it's managing debt, making a large purchase, improving your home, or paying for unexpected expenses, a personal loan may be able to help. See personalized rates and payments in minutes with no impact to your credit score. Go to wellsfargo.com/personalloan.

---

*Please detach and return with your payment.*

IONA DOUGLAS MOGUEL
ROBERT S MOGUEL
1460 PARADISE CT
MERRITT ISLAND, FL 32952

*Check here and see reverse for address correction.*

Loan number
0532629144
Current payment due
$1,044.90
Total amount due 04/01/22
$1,044.90
On or after 04/16/22, a late charge of $38.53 may apply.

Online payments - wellsfargo.com

| | | |
|---|---|---|
| Payment x pmt amt | A | $ |
| Additional principal | B | $ |
| Late charges | C | $ |
| Other fee(s) | D | $ |
| Additional escrow (if applicable) | E | $ |
| Total amount enclosed (Please do not send cash) | F | $ |

Please specify additional funds

WELLS FARGO HOME MORTGAGE
PO BOX 105632
ATLANTA GA 30348-5632

| RECIPIENT'S/LENDER'S name, address and telephone number | | |
|---|---|---|

Wells Fargo Bank N.A.
Return Mail Operations                                      01/04/23
PO Box 14411
Des Moines IA 50306-3411

We accept telecommunications relay service calls.
Phone #: 1-866-234-8271
Fax #: 1-866-278-1179

☐ **CORRECTED** (if checked)

PAYER'S/BORROWER'S name, street address, city, state and ZIP code

IONA DOUGLAS MOGUEL
ROBERT S MOGUEL
2012 OAK MEADOW CIR
SOUTH DAYTONA, FL 32119-2575

**\* Caution:** *The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person.*

OMB No. 1545-1380
**2022**
Form **1098**

**MORTGAGE INTEREST STATEMENT**

**Copy B For Payer/ Borrower**

RECIPIENT'S/LENDER'S TIN
94-1347393

PAYER'S/BORROWER'S TIN
XXX-XX-5484

The information in boxes 1 through 5 and 11 is important tax information and is being furnished to the IRS. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points, reported in boxes 1 and 6; or because you did not report the refund of interest (box 4); or because you claimed a nondeductible item.

| 1 Mortgage Interest received from payer(s)/borrower(s)* | $4,839.67 |
|---|---|
| 2 Outstanding mortgage principal (See instructions) $234,354.38 | 3 Mortgage origination date 06/21/2006 |
| 4 Refund of overpaid interest $0.00 | 5 Mortgage insurance premiums $0.00 |
| 6 Points paid on purchase of principal residence | $0.00 |

7 The address of the property securing the mortgage will be entered in box 8 and may be the same as PAYER'S/BORROWER'S address.
See box 8 below.

| Mortgage information as of 12/31/2022 (See instructions) | | |
|---|---|---|
| $233,318.00 | Ending principal balance | |
| $160,629.77 | First principal balance | |
| $72,688.23 | Second principal balance | |
| $1,077.68 | Total current payment | Account number |
| $307.00 | Escrow portion of payment | 0532629144 |

8 Address or description of property securing mortgage
103 NAUTA CT
HENDERSONVILLE, TN 37075

| 9 Number of properties securing the mortgage | 10 Real estate taxes $1,415.00 | 11 Mortgage acquisition date |
|---|---|---|

Form 1098 **SEE BACK SIDE FOR IMPORTANT INFORMATION** (Keep for your records.) www.irs.gov/Form1098 Department of the Treasury - Internal Revenue Service

**Please consult a Tax Advisor about the deductibility of any payments made by you or others.**

**Box 2.** Shows the outstanding principal on the mortgage as of January 1, 2022. If the mortgage originated in 2022, shows the mortgage principal as of the date of origination. If the recipient/lender acquired the loan in 2022, shows the mortgage principal as of the date of acquisition.

------------------------------------------ **2022 INTEREST DETAIL** ------------------------------------------

| | |
|---|---|
| TOTAL INTEREST APPLIED 2022 | $3,687.70 |
| PLUS PAYMENTS APPLIED TO PREVIOUSLY DEFERRED INTEREST | $1,036.38 |
| PLUS LATE CHARGES PAID | $115.59 |
| **2022 MORTGAGE INTEREST RECEIVED FROM PAYER/BORROWER(S)** | **$4,839.67** |

If you have questions about your loan, you can use the number listed at the top of this statement.
By selecting one of the options listed, you can receive information regarding:

- Taxes paid year-to-date                          - Interest paid year-to-date
- The amount & date of your last payment            - Other valuable information

We issue tax documents to the primary account owner.

Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., believes Customers come first. You can always count on us to provide the excellent service you've come to expect.

June 10, 2024

Subject: Check enclosed for the home mortgage account 0532629144

Dear IONA DOUGLAS MOGUEL & ROBERT S MOGUEL:

We identified that an error may have occurred related to your approved
and finalized loan modification. We apologize for any inconvenience
this may have caused and we're enclosing a check for $500.00 to
make things right. Please cash or deposit the check in a branch, at an
ATM, or using mobile deposit at your earliest convenience.

This payment is in addition to any amount we may have previously sent.
Cashing this check does not waive any current or future legal claims
against Wells Fargo.

**Tax information**
Wells Fargo may be required to report some of this payment amount to
the IRS. You may be responsible for any federal, state, or local tax
obligations associated with a portion of this payment. We recommend
consulting with your tax advisor if you have any questions about
potential tax liability or tax forms you may receive.

**Mediation**
If you do not feel that we have made things right, you have the option
of participating in mediation. Mediation is offered when customers
indicate they may have incurred additional expenses as a result of
actions by Wells Fargo which have not been reimbursed. Mediation is a
nonbinding dispute resolution process that is facilitated by an
independent mediation service provider at no cost to you. Wells Fargo
will pay all costs associated with the mediation. You are not waiving
any legal claims by participating in the process. You do not waive
your right or limit your ability to choose mediation by cashing the
enclosed check. If you want to discuss a mediation option, please call
us at the number listed below.

**Mediación**
Si usted considera que no hemos hecho lo correcto, tiene la opción de
participar en una mediación. La mediación se ofrece en los casos en
que los clientes indican que podrían haber incurrido en gastos
adicionales como consecuencia de acciones realizadas por Wells Fargo
que no se han reembolsado. La mediación es un proceso no vinculante de
resolución de disputas que lleva a cabo un proveedor de servicios de
mediación independiente sin ningún costo para usted. Wells Fargo
pagará todos los costos asociados con la mediación. Usted no renuncia
a ningún reclamo legal al participar en el proceso. Usted no renuncia
a su derecho ni limita su capacidad para elegir la mediación al cobrar
el cheque adjunto. Si desea hablar sobre alguna opción de mediación,
llámenos al número que se indica a continuación.

**We're here to help**
If you have questions, please call us at 1-877-645-1641, Monday

through Friday, 7:00 a.m. to 10:00 p.m., or Saturday, 8:00 a.m. to 2:00 p.m. Central Time. We accept telecommunications relay service calls. We can also assist you in Spanish. If you prefer to hear a full Spanish translation of this letter, please call us.

**Estamos aquí para ayudar**
Si tiene preguntas, llámenos al 1-877-645-1641, de lunes a viernes, de 7:00 a.m. a 10:00 p.m., o sábado, de 8:00 a.m. a 2:00 p.m. hora central. Aceptamos llamadas de los servicios de retransmisión de telecomunicaciones. También podemos brindarle asistencia en español. Si prefiere escuchar la traducción completa al español de esta carta, llámenos.

Sincerely,

Wells Fargo Customer Care

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. NMLSR ID 399801

SHRP 19398336
ECN 000007032099495

CR-LTR-100 (02/28/24)



**CASHIER'S CHECK**

11 24/1210

WELLS FARGO

Check Number: 0001384324

Date: January 29, 2025

Pay to the
order of IONA DOUGLAS MOGUEL AND ROBERT S MOGUEL

$1,951.57

***One Thousand Nine Hundred Fifty-One dollars and 57/100***

Drawer: WELLS FARGO BANK, N.A.

For CR20449245-000007032099495-3
Wells Fargo Bank, N.A.

FOR AUTOMATED CHECK VERIFICATION CALL: (480) 394-3122

Authorized Signature

Authorized Signature

⑈000 1384324⑈ ⑆ 121000 248⑆ 486 1009 3 22⑈

---

**CASHIER'S CHECK**

11 24/1210

WELLS FARGO

Check Number: 0000920905

Date: June 10, 2024

Pay to the
order of IONA DOUGLAS MOGUEL AND ROBERT S MOGUEL

$500.00

***Five Hundred dollars and 00/100***

Drawer: WELLS FARGO BANK, N.A.

For CR 19398336-708-0532629144-1
Wells Fargo Bank, N.A.

FOR INQUIRIES: 480-394-3122

Authorized Signature

Authorized Signature

⑈0000920905⑈ ⑆ 121000 248⑆ 486 1009 3 22⑈

---

**CASHIER'S CHECK**

11 24/1210

WELLS FARGO

Check Number: 0001058831

Date: June 18, 2024

Pay to the
order of IONA DOUGLAS MOGUEL OR ROBERT S MOGUEL

$200.00

***Two Hundred dollars and 00/100***

Drawer: WELLS FARGO BANK, N.A.

For CR 18592693-708-0532629144-2
Wells Fargo Bank, N.A.

FOR INQUIRIES: 480-394-3122

Authorized Signature

Authorized Signature



WELLS FARGO

# Mediation Request Form


*920751261123*

IONA DOUGLAS MOGUEL
ROBERT S MOGUEL
103 NAUTA CT
HENDERSONVILLE TN 37075

Mediation Tracking Number: 1421181
Wells Fargo Loan Number ending in: 9144

Mediation is a voluntary process offered to customers who claim that the actual costs they incurred due to a Wells Fargo error may have been greater than the financial reimbursement previously provided by Wells Fargo.

The goal of mediation is to find a mutually acceptable solution for both parties. To participate in this process, complete and return this Mediation Request Form. You may submit documents or other information to support your claim, however, additional documentation is not required at this time.

Upon receipt of your Mediation Request Form, Wells Fargo will attempt to resolve your claim to your satisfaction. If this is not possible, a mediator, who is independent of Wells Fargo, will be assigned to your claim. The mediator will work with you and Wells Fargo to attempt to resolve the dispute.

- This mediation is provided at no cost to you.
- You are not waiving any legal claims by participating in the mediation process. The compensation we have already provided you will not be rescinded, even if you choose to claim a larger amount.
- We will respond to your claim as quickly as possible. In the event response volumes result in a delay in processing your claim, the delay will be taken into consideration in the resolution of your claim.
- **You must print and sign your name, and date the Mediation Request Form, to move forward in the process. Your signature provides us with authorization to share your information with the independent mediation service provider.**

Name:
IONA DOUGLAS - MOGUEL

Address (if different than printed above):
103 NAUTA Court Hendersonville, TN 37075

Phone Number:
386-341-9217

Email:
IONAHOGUE@aol.com

Best time of day to call:
ANYTIME

Language Preference:
☒ English  ☐ Spanish  ☐ Other:_____

**REQUIRED FIELD:** If you feel the previous amount provided by Wells Fargo does not sufficiently compensate you, please provide the additional financial compensation you are seeking.
$500,000.00  FIVE HUNDRED THOUSAND

**Please complete information on the back of the Mediation Request Form, sign, date, and return.**

2024 Wells Fargo ... reserved.
16211 v.03



'920751261123'

How did you calculate the amount above? Please provide detail and include additional pages if needed. Please note that during the mediation process you may be asked to provide documentation or other evidence to support your claim. Any supporting documentation provided will also be shared with the mediator in the event of mediation.

I PURCHASED the LOAN IN 2005' FOR $113,000. I've NEVER PULLED Equity From the PROPERTY, yet I owE double then what WAS borrowed. 20 years Ago The PROPERTY was under "Yield" spread PREMIUMS Where minualy the Payments INCREASED. After a Complete ModIFICATION to a Fixed ~~~~~ (Fixed rate) Documatation over the years highlights the payment Alway contiNued to INcrease and never remained a fixed rate. What's Fraudulent is to honor. and start a Loan modIFIcatur and in the middle transfer the LOAN to a KNOWN mortgage Predator that Focus on Foreclosure Auctions over loAn modIFICATION. My Request is minimal compared to what my Attorney is attempting to seek. So As a settlement witout legal councel is the best option

By signing below, I confirm that the information above is complete and accurate, and I consent to disclosure of my account information and supporting documentation by Wells Fargo to the independent mediation service provider. I represent and acknowledge that I am authorized to share personal information related to any individuals or entities whose information is included within any documentation that I submit to Wells Fargo in connection with my claim, and I authorize Wells Fargo to provide such information to the independent mediation service provider. In order to process this Mediation Request Form, it must be signed by the owner(s) of the account.

IONA DOUGLAS-HOGUE     _Iona Douglas-Hogue_     05/12/2025

Printed Name        Signature (Required for processing)     Date

_____    _____    _____

Additional Borrower (Printed Name)    Additional Borrower Signature (if applicable)    Date

Please submit this form in one of the following ways:
- Return in the enclosed postage-paid envelope
- Mail to: Wells Fargo Mediation Program, P.O. Box 3775, Portland, OR 97208-3775
- Fax to: 1-844-417-2186

Questions? Call 1-800-448-3419 Monday through Friday, 9:00 a.m. to 6:00 p.m. Eastern Time.

© 2024 Wells Fargo Bank, N.A. All rights reserved.
AD8212 v.85

2MTGE-9207



## MORTGAGE

PHH Mortgage Services |PO Box 24738
West Palm Beach FL 33416

Tel: 1-800-449-8767
Fax: 1-856-917-3300

5-814-CSF28-0001438-001-01-000-000-000-000

IONA DOUGLAS MOGUEL
ROBERT S MOGUEL
103 NAUTA CT
HENDERSONVILLE, TN 37075-3218

**Property Address:**
103 NAUTA CT
HENDERSONVILLE TN 37075

November 9, 2023

Account Number: 7400022542

## Welcome to PHH MORTGAGE SERVICES!

Dear Customer:

PHH Mortgage is now the servicer of your mortgage account and we're glad to have you as a new customer. The referenced mortgage account transferred from Wells Fargo Home Mortgage (WFHM) (Prior Servicer) to PHH MORTGAGE SERVICES effective 11/01/2023.

We want to make your transition to PHH Mortgage as easy as possible.

**As the new servicer of your mortgage account, we'll:**

- Provide monthly statements
- Manage your escrow account for paying taxes and insurance, if applicable
- Send updates regarding the mortgage account
- Send year-end tax statements

**As a PHH MORTGAGE SERVICES customer, access your mortgage account on our website and register for free at www.MortgageQuestions.com**

Additionally, you can access your account on our mobile app. Download our app for free.

  

You can also call us toll free at 1-800-449-8767. We are available Monday through Friday 8 AM to 9 PM ET and Saturday 8 AM to 5 PM ET.

**The transfer of servicing does not affect any term or condition of the mortgage account other than terms directly related to the servicing of the mortgage account.**



**IMPORTANT INFORMATION**

Your mortgage account will transfer to PHH MORTGAGE SERVICES on 11/01/2023

Your new PHH MORTGAGE SERVICES mortgage account number is 7400022542

Wells Fargo Home Mortgage (WFHM) will stop accepting payments after 10/31/2023

PHH MORTGAGE SERVICES will start accepting payments on 11/01/2023 and these payments will begin posting to your account on 11/11/2023

If you utilize an online bill payment provider, please instruct them to update the payee, remittance address and account number (if applicable)

During the first 60 days following the transfer, no late fees will be assessed, and negative credit reporting will not occur.

**Access your account at**
www.MortgageQuestions.com

---

www.MortgageQuestions.com

RA012

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*



## MORTGAGE

PHH Mortgage Services | PO Box 24738
West Palm Beach FL 33416

Tel: 1-800-449-8767
Fax: 1-856-917-8300

ADDENDUM TO NOTICE OF SERVICING TRANSFER



**Account Number:** 7400022542

The new servicer is:
PHH MORTGAGE SERVICES
CUSTOMER SERVICE DEPT
PO BOX 5452
MT LAUREL, NJ 08054
1-800-449-8767

As of 11/01/2023, the principal balance of this account is: $233,318.00

As of 11/01/2023, the escrow balance on this account is: -$3,114.41. Any questions about the escrow account may be directed to our Customer Service Department at 1-800-449-8767. It is PHH MORTGAGE SERVICES' policy to maintain escrow accounts in accordance with applicable legal requirements.

As of 11/01/2023, the transfer date, the current interest rate in connection with this account is 4.575%. If this account has a variable rate, please note that the interest rate provided in this notice is the current interest rate as of the transfer date and does not include future adjustments.

As of 11/01/2023, the transfer date, the current required monthly payment in connection with this account is $1,077.68. This amount consists of a monthly principal and interest payment of $770.68 and a monthly escrow payment of $307.00. The monthly payment amount required may change in the future if there are changes to the interest rate or escrowed items (such as taxes, homeowners' insurance or mortgage insurance), if there are late charges or other fees, or if the mortgage is accepted for a mortgage assistance option.

The next monthly payment is due on 07/01/2022. Subsequent monthly payments will be due on the same date each month thereafter.

### IMPORTANT MESSAGE

PHH MORTGAGE SERVICES' primary regulator is the Consumer Financial Protection Bureau ("CFPB"). The CFPB's mailing address is P.O. Box 4503, Iowa City, IA 52244.

---

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*